1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11   THOMAS GENE MAYFIELD,           )   Civil No. 10-2234-LAB(WVG)
                                      )
12                  Petitioner,       )   REPORT AND RECOMMENDATION
                                      )   GRANTING RESPONDENT'S MOTION
13   v.                               )   TO DISMISS (DOC. # 10)
                                      )
14   L.S. MCEWEN, Warden, et al.,     )
                                      )
15                  Respondents.      )
                                      )
16   _____)

17

18                                  I

19                            INTRODUCTION

20        Thomas Gene Mayfield (hereinafter "Petitioner"), a state

21   prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas

22   Corpus (hereinafter "Petition"), pursuant to 28 U.S.C. § 2254.

23   Respondent L.S. McEwen (hereinafter "Respondent") has filed a Motion

24   to Dismiss the Petition for Writ of Habeas Corpus (hereinafter

25   "Motion to Dismiss"). Petitioner has filed an Opposition to

26   Respondent's Motion to Dismiss (hereinafter "Opposition").

27        On January 7, 2009, Petitioner appeared before a panel of the

28   Board of Parole Hearings, which denied him parole. Petitioner

10cv2234

1   contends that the panel was biased, that the panel based its
2   decision on unchangeable factors, and that the panel had insuffi-
3   cient evidence to make a determination as to his dangerousness upon
4   release. Therefore, Petitioner argues that the Board of Parole
5   Hearings violated his right to due process under the Fifth and
6   Fourteenth Amendments of the United States Constitution.

7       The Court has considered the Petition, Respondent's Motion to
8   Dismiss, and Petitioner's Opposition. Based upon the documents and
9   evidence presented in this case, and for the reasons set forth
10  below, the Court RECOMMENDS that the Motion to Dismiss be GRANTED.

11                                  II
12              FACTUAL AND PROCEDURAL BACKGROUND

13      Petitioner was convicted of one count of conspiracy to commit
14  murder while armed with a firearm and three counts of assault with
15  a deadly weapon by the Superior Court of Los Angeles County.
16  (Petition at 2). On May 17, 1985, Petitioner was sentenced to a
17  state prison term of 22 years to life imprisonment. His minimum
18  parole eligibility date was September 9, 2000. Id.

19      On January 7, 2009, Petitioner appeared before a two member
20  panel of the Board of Parole Hearings. The panel members were Deputy
21  Commissioner Carol Bentley and Commissioner Archie Biggers. Id. The
22  panel denied Petitioner parole, finding that Petitioner would pose
23  a present risk of danger to society if released. Id. The panel took
24  into account several factors including the nature of the commitment
25  offense, the number of victims, the motive for the crime, prior
26  criminal behavior, Petitioner's mental state and attitude toward the
27  crime, a psychological report, and several instances of serious
28  misconduct while he was incarcerated. Id. at 2-3.

10cv2234

1     The Petition includes exhibits showing that Deputy Commis-
2 sioner Bentley's husband was involved in the drafting of legislation
3 to allow companies to form joint ventures with the California
4 Department of Corrections and Rehabilitation (hereinafter "CDCR")
5 and that Petitioner had successfully sued one of the resulting joint
6 ventures for wrongful termination. Exhibit 2 to the Petition is an
7 excerpt from the transcript of a parole panel hearing for Inmate
8 Willhoite. In Exhibit 2, Deputy Commissioner Bentley states that her
9 husband was involved in drafting the relevant legislation. Exhibit
10 3 to the Petition is a newspaper article reporting a successful
11 lawsuit against Western Manufacturing by six inmates, including one
12 Thomas Mayfield.[1] Respondent's Motion to Dismiss refers to Deputy
13 Commissioner Bentley's husband as "purportedly connected" to the
14 legislation but does not contest the validity of Exhibit 2. The
15 Motion to Dismiss also states that Petitioner "allegedly later sued"
16 but does not contest the validity of Exhibit 3.

17                                    III

18                    PETITIONER'S CLAIMS FOR RELIEF

19     Petitioner raises three claims for relief. First, he argues
20 that the panel members from the Board of Parole Hearings were
21 biased. Second, he contends that the panel unconstitutionally based
22 its decision to deny him parole on unchangeable factors. Third,
23 petitioner argues that the panel failed to properly consider
24 evidence that purportedly showed his suitability for parole.

25

26

27

28   [1]   Claude Walbert, *Court Blasts Officials Over Inmate Wages*, Los
           Angeles Daily Journal, Aug. 23, 2004.

1         A. <u>PAROLE PANEL WAS BIASED</u>

2         Petitioner argues that the Board of Parole Hearings' panel

3    conducted a "bias[ed] hearing." (Petition at 4). Specifically, he

4    notes that Deputy Commissioner Carol Bentley's husband "was directly

5    involved in authoring the legislation to bring joint venture

6    programs into" the CDCR and that the Petitioner was "one of six

7    inmates who [successfully] sued one of the [participating joint

8    venture companies]. <u>Id.</u> Further, Petitioner contends that Commis-

9    sioner Archie Biggers was also biased. Specifically, Petitioner

10   alleges that Commissioner Biggers reviewed confidential information

11   in his file for the hearing and that Commissioner Biggers does not

12   like ex-gang members. <u>See</u> <u>id.</u> at 11.

13        Therefore, Petitioner contends that Commissioner Bentley's

14   and Biggers' participation violated his Fifth and Fourteenth

15   Amendment due process rights to be heard by a fair and impartial

16   decision-maker. <u>See</u> <u>id.</u>; <u>Withrow v. Larkin</u>, 421 U.S. 35, 47 (1975).

17        B. <u>PAROLE PANEL INCORRECTLY CONSIDERED UNCHANGEABLE FACTORS</u>

18        Also, Petitioner argues that the parole panel based its

19   decision to deny him parole on unchangeable factors such as the

20   commitment offense and did not properly consider whether Petitioner

21   would be a threat to society if released. (Petition at 4). Specifi-

22   cally, Petitioner argues that, due to the passage of time since his

23   conviction, the unchangeable factors in his case were no longer

24   indicative of a risk of danger to society. Therefore, Petitioner

25   contends that, by basing its decision to deny him parole on these

26   factors, the panel violated his Fifth and Fourteenth Amendment due

27   process rights. <u>Id.</u> at 13.

28

10cv2234

1    C. <u>PAROLE PANEL INCORRECTLY BALANCED EVIDENCE RELATING</u>

2    <u>TO PETITIONER'S SUITABILITY FOR PAROLE</u>

3    Petitioner argues that the parole panel failed to properly

4    balance factors militating against his parole with those showing his

5    suitability for parole. <u>Id.</u> at 4. Specifically, Petitioner claims

6    that the parole panel paid only "lip service" to his achievements

7    while he was incarcerated and did not truly consider these factors

8    in its decision-making process. (Petition at 39). Petitioner points

9    to his stable social history, indicia of remorse, age, educational

10   activities, participation in self-help programs, and behavioral

11   record as examples of favorable parole factors that he believes the

12   panel did not give sufficient weight. (Petition at 39-43). Peti-

13   tioner appears to contend that the panel's purported failure to

14   consider the factors showing suitability for parole indicates bias

15   on the part of the panel and that Petitioner was therefore denied

16   his constitutional due process right to be heard by a fair and

17   impartial decision-maker. (See <u>Id.</u> at 4, 38-46).

18   IV

19   <u>STANDARD OF REVIEW</u>

20   In order for federal subject matter jurisdiction over a

21   petition for writ of habeas corpus to lie, the petition must allege

22   that the petitioner is in custody in violation of the Constitution,

23   laws or treaties of the United States. <u>See</u> 28 U.S.C.A. § 2254(a).

24   In habeas corpus cases, federal courts are bound by the

25   state's interpretation of its own law. <u>Estelle v. McGuire</u>, 502 U.S.

26   62, 68 (1991) (federal courts may not reexamine state court

27   determinations on questions of state law); <u>Jackson v. Ylst</u>, 921 F.2d

28   882, 885 (9th Cir. 1990) (federal courts "have no authority to

10cv2234

1  review a state's application of its own laws.") However, "errors of

2  state law do not concern [a federal court] *unless* they rise to the

3  level of a constitutional violation"). <u>Oxborrow v. Eikenberry</u>, 877

4  F.2d 1395, 1400 (9th Cir. 1989), emphasis added.

5      The Antiterrorism and Effective Death Penalty Act of 1996

6  (hereinafter "AEDPA") applies to habeas corpus petitions filed after

7  April 24, 1996. <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

8  The Petition in this case was filed on October 26, 2010 and is

9  therefore governed by AEDPA. To obtain federal habeas relief,

10 Petitioner must satisfy either U.S.C.A. § 2254(d)(1) or (2). <u>See</u>

11 <u>Williams v. Taylor</u>, 529 U.S. 362, 403 (2000).

12     The Supreme Court interprets § 2254(d)(1)and (2) as follows:

13          Under the "contrary to" clause, a federal
            habeas court may grant the writ if the
14          state court arrives at a conclusion oppo-
            site to that reached by this Court on a
15          question of law or if the state court
            decides a case differently than this Court
16          has on a set of materially indistinguish-
            able facts. Under the "unreasonable appli-
17          cation" clause, a federal habeas court may
            grant the writ if the state court identi-
18          fies the correct governing legal principle
            from this Court's decisions but unreason-
19          ably applies that principle to the facts of
            the prisoner's case.
20 <u>Williams</u>, 529 U.S. at 412-13.

21     A state court's decision may be found to be "contrary to"

22 clearly established Supreme Court precedent: (1) "if the state court

23 applies a rule that contradicts the governing law set forth in [the

24 Court's] cases" or (2) "if the state court confronts a set of facts

25 that are materially indistinguishable from a decision of [the] Court

26 and nevertheless arrives at a result different from the [the

27 court's] precedent." <u>Id.</u> at 405-406; <u>Lockyer v. Andrade</u>, 538 U.S.

28 63, 72-75 (2003). A state court decision involves an "unreasonable

10cv2234

application" of clearly established federal law, "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or, "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 539 U.S. at 407; Andrade, 538 U.S. at 76.

When there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. Ylst v. Nunnmeaker, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) (overruled in part by Andrade, 538 U.S. at 74-77).

V

PETITIONER IS NOT ENTITLED TO RELIEF

The United States Supreme Court has stated that a petitioner may demonstrate a violation of procedural due process by showing that: 1) a federally-protected life, liberty, or property interest exists "which has been interfered with by the State"; and 2) "the procedures attendant upon that deprivation were constitutionally [in]sufficient." Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989).

As to a "federally protected" interest, the Supreme Court has recognized a federally-protected liberty interest in the expectancy

10cv2234

1    of release on parole arising from state parole statutes. <u>See</u>

2    <u>Greenholtz v. Inmates of Nebraska Penal and Corr. Complex</u>, 442 U.S.

3    1, 12 (1979); <u>see also</u> <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 377-

4    78 (1987) (holding that mandatory language in a Montana parole

5    statute created "a presumption that parole will be granted," thereby

6    creating a protected liberty interest.) The California parole

7    statute likewise "gives rise to a cognizable liberty interest in

8    release on parole." <u>McQuillion v. Duncan</u>, 306 F.3d 895, 902 (9th

9    Cir. 2002). Here, there is no dispute that the Petitioner has a

10   federally-protected liberty interest in the expectancy of release on

11   parole.

12        As to the procedures attendant upon deprivation of due

13   process involving the denial of parole, the Supreme Court has

14   recently stated that "the procedures required are minimal."

15   <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 862 (2011); <u>see also</u> <u>Greenholtz</u>,

16   442 U.S. at 12. Essentially, the federal process due a prisoner at

17   a parole hearing is limited to "the opportunity to be heard" and "a

18   statement of reasons why parole was denied". <u>Swarthout</u>, 131 S.Ct. at

19   862. "Because the only federal right at issue is procedural, the

20   relevant inquiry is what process [Petitioner] received, not whether

21   the state court decided the case correctly. <u>Swarthout</u>, 131 S.Ct. at

22   863.

23        A. <u>ASSERTION OF BIAS IS BASED ON INADEQUATE AND CONCLUSORY</u>

24           <u>ALLEGATIONS</u>

25        Petitioner's first claim for relief is based on alleged bias

26   of Deputy Commissioner Bentley and Commissioner Biggers. Rule 2 of

27   the Rules Governing Habeas Corpus Cases requires that a petitioner

28   "state the facts supporting each ground" for relief. Rule 2(c)(2),

10cv2234

1  foll. 28 U.S.C. § 2254 (hereinafter "Rule 2".) Under Rule 2, "mere
2  conclusory allegations without the support of facts" are insuffi-
3  cient. Farrow v. U.S., 580 F.2d 1339, 1361-1362 (9th Cir. 1972);
4  Schlette v. Allen, 284 F.2d 827, 834 (9th Cir. 1960); Henderson v.
5  Cate, 2009 WL 3126858 at *7 (S.D. Cal. 2009).

                    1. Deputy Commissioner Bentley

7       Petitioner alleges that Deputy Commissioner Bentley was
8  biased because her husband drafted legislation to bring joint
9  venture companies into the CDCR and that Petitioner had previously
10 successfully sued one of the participating joint venture companies.

11      The Ninth Circuit has noted that "[b]ald assertions and
12 conclusory allegations" are insufficient to allow a claim of bias to
13 lie. See Wacht v. Cardwell, 604 F.2d 1245, 1247 n. 2 (9th Cir.
14 1979). Here, Petitioner claims that "[t]here is no reasonable doubt
15 that" Deputy Commissioner Bentley's husband's involvement with the
16 CDCR joint venture programs prevented Petitioner from getting a fair
17 and impartial hearing. (Petition at 11). However, Petitioner does
18 not explain why his successful lawsuit against a joint venture
19 company would create bias on the part of the wife of an individual
20 who participated in drafting legislation that merely allowed joint
21 venture companies into the CDCR. Therefore, Petitioner fails to
22 state a *prima facie* case for relief that "overcome[s] a presumption
23 of honesty and integrity" of Deputy Commissioner Bentley. Withrow v.
24 Larkin, 421 U.S. 35, 46-47 (1975); see also Stivers v. Pierce, 71
25 F.3d 732, 741 (9th Cir. 1995). As a result, Petitioner's contention
26 that Deputy Commissioner Bentley was biased is an unsupported
27 conclusory allegation.

28

10cv2234

1                    2. <u>Commissioner Biggers</u>

2          Further, Petitioner contends that Commissioner Biggers was

3   biased due to a dislike of ex-gang members and because Commissioner

4   Biggers considered confidential information from Petitioner's file.

5          Petitioner does not identify any evidence of Commissioner

6   Biggers' purported dislike of ex-gang members, rendering his

7   argument little more than a bald assertion. As noted above, merely

8   stating a conclusion without stating facts that support the

9   conclusion does not satisfy the requirement of sufficient specifi-

10  city. <u>Wacht</u>, 604 F.2d at 1247 n. 2.

11         Next, Petitioner's claim that Commissioner Biggers considered

12  confidential information in Petitioner's file appears unconnected to

13  Petitioner's conclusion that Commissioner Biggers was biased.

14  Commissioner Biggers was required to review all information in

15  Petitioner's file in determining Petitioner's parole suitability.

16  Cal. Code of Reg., tit. 15, § 2402(b) ("[a]ll relevant, reliable

17  information available to the panel shall be considered in determin-

18  ing suitability for parole.") Petitioner does not claim, nor present

19  evidence, that the confidential information in his file was

20  irrelevant or unreliable. Petitioner does not explain how the

21  statutorily-required consideration of such information leads to his

22  conclusion that Commissioner Biggers was biased.

23         Therefore, Petitioner fails to state a *prima facie* case for

24  relief that "overcome[s] a presumption of honesty and integrity" of

25  Commissioner Biggers. <u>Withrow</u>, 421 U.S. at 46-47; <u>see also</u> <u>Stivers</u>,

26  71 F.3d at 741. As a result, Petitioner's contention that Commis-

27  sioner Biggers was biased is an unsupported conclusory allegation.

28

10cv2234

1    Therefore, the Court RECOMMENDS that Respondent's Motion to

2  Dismiss in this regard be GRANTED.

3    B. WHETHER THE PAROLE BOARD CONSIDERED UNCHANGEABLE FACTORS

4        IS IRRELEVANT IN FEDERAL HABEAS CORPUS REVIEW

5    Petitioner's second claim for relief is that the parole board

6  relied on unchangeable factors in violation of state parole

7  policies. He illustrates this claim with numerous examples of

8  purported variations between California policies and the panel's

9  determination in his parole hearing. The Court will not comment on

10  the materiality of the purported variations. But, the Court notes

11  that Petitioner's claim appears to rest solely on the allegedly

12  improper application of state law by state authorities. Federal

13  courts "have no authority to review a state's application of its own

14  laws." Jackson, 921 F.2d at 885. More specifically, "the responsi-

15  bility for assuring that the constitutionally adequate procedures

16  governing California's parole system are property applied rests with

17  California courts, and is no part of the Ninth Circuit's business."

18  Swarthout, 131 S.Ct. at 863.

19    The sole exception to this limitation exists when errors of

20  state law "rise to the level of a constitutional violation." See

21  Oxborrow, 877 F.2d at 1400. Here, Petitioner argues that he suffered

22  a constitutional violation of his due process rights. In the case of

23  habeas petitions resulting from parole denials, as here, a federal

24  court's due process inquiry is limited to two factors. First,

25  whether the petitioner "was allowed an opportunity to be heard" and

26  second, whether the petitioner "was provided a statement of the

27  reasons why parole was denied." Swarthout, 131 S.Ct. at 862, citing

28  Greenholtz, 442 U.S. at 16.

10cv2234

1   Petitioner claims that he was not given an opportunity to be
2   heard because the parole panel was biased. The Court notes that the
3   only federal aspect of Petitioner's second claim for relief relies
4   upon acceptance of the first claim for relief (alleged bias of
5   Deputy Commissioner Bentley and Commissioner Biggers). This Court
6   has recommended that Petitioner's first claim for relief be denied,
7   because it rests solely upon unsupported conclusory allegations. As
8   a result, the second claim for relief also fails.

9   In any event, Petitioner admits that he was given an
10  opportunity to be heard at his parole hearing and was provided with
11  a statement of the reasons why parole was denied. (Petition, Exh. 1,
12  Opposition to Motion to Dismiss at 5)

13  Therefore, the Court RECOMMENDS that Respondent's Motion to
14  Dismiss in this regard be GRANTED..

15  C. FAILURE TO CORRECTLY WEIGH FACTORS IN FAVOR OF PAROLE
16  REQUIRED BY CALIFORNIA LAW DOES NOT IMPLICATE FEDERAL LAW

17  Petitioner's argues that the parole panel did not temper
18  factors militating against his parole with other factors that
19  indicated his suitability for parole. In support of this claim,
20  Petitioner contends that California statutory language mandates that
21  "[a]ll relevant, reliable information available to the panel shall
22  be considered in determining suitability for parole." Cal. Code of
23  Reg., tit. 15, § 2402(b). However, as previously noted, a state's
24  application of state law is outside the purview of federal habeas
25  corpus review unless a constitutional right is thereby violated. See
26  Jackson, 921 F.2d at 885; Oxborrow, 877 F.2d at 1400.

27  Further, as previously noted, Petitioner admitted that he was
28  given an opportunity to be heard at his parole hearing and was

10cv2234

1   provided with a statement of the reasons why parole was denied.

2   (Petition, Exh. 1, Opposition to Motion to Dismiss at 5)

3       Again, Petitioner relies on his contention that the parole

4   panel was biased to explain why the third claim for relief may be

5   heard by a federal court. Since the Court has recommended denial of

6   Petitioner's bias claim as discussed <u>supra</u>, the Court does not find

7   merit in Petitioner's arguments.

8       Therefore, the Court RECOMMENDS that Respondent's Motion to

9   Dismiss in this regard be GRANTED.

10      Consequently, this Court RECOMMENDS that Respondent's Motion

11   to Dismiss be GRANTED.

12                              VI

13                <u>CONCLUSION AND RECOMMENDATION</u>

14      After a review of the record in this matter, the undersigned

15   Magistrate Judge recommends that the Respondent's Motion to Dismiss

16   be GRANTED.

17      This Report and Recommendation of the undersigned Magistrate

18   Judge is submitted to the United States District Judge assigned to

19   this case, pursuant to 28 U.S.C. § 636(b)(1).

20      **IT IS ORDERED** that no later than <u>July 22, 2011</u>, any party to

21   this action may file written objections with the Court and serve a

22   copy on all parties. The document should be captioned "Objections to

23   Report and Recommendation."

24      **IT IS FURTHER ORDERED** that any reply to the objections shall

25   be filed with the court and served on all parties no later than

26   <u>August 5, 2011</u> The parties are advised that failure to file

27   objections within the specified time may waive the right to raise

28

10cv2234

those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   June 23, 2011

_____
Hon. William V. Gallo
U.S. Magistrate Judge

10cv2234